UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LATHAM and ANGIE LATHAM,   Case No. 11-11678

       Plaintiffs,   Victoria A. Roberts
v.   United States District Judge

ACCREDITED HOME LENDERS, INC., *et al.*,   Michael Hluchaniuk
  United States Magistrate Judge
       Defendants.
_____/

## REPORT AND RECOMMENDATION
## RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 26)

**I.    PROCEDURAL HISTORY**

This matter was removed to federal court on April 18, 2011. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 17). Defendants BAC Home Loans Servicing LLP, Mortgage Electronic Registration Services, and U.S. Bank, N.A.[1] filed a motion for judgment on the pleadings on August 22, 2012. (Dkt. 26). Plaintiffs were ordered to file a response by September 17, 2012. (Dkt. 27). That Order provided that a failure to file a response may result in sanctions, "**including granting all or part of the relief requested by the moving party**." (Dkt. 27, Pg ID 600) (emphasis in original).

---

[1] All defendants except Accredited Home Lenders, Inc. (AHLI) moved for judgment on the pleadings. A review of the docket reveals that AHLI has not yet been served. As first glance, the docket shows that Dykema Gossett represents AHLI, however, an examination of the appearance filed shows that is not the case. (Dkt. 7).

Plaintiffs failed to file a response or move for an extension of time. The Court then ordered plaintiffs to show cause in writing on or before October 19, 2012 why the undersigned should not recommend that the complaint be dismissed based on plaintiffs' failure to file a response to the motion for judgment on the pleadings. (Dkt. 32). Alternatively, plaintiffs were permitted to file a response to the motion by that same date. *Id.* The Order to Show Cause specifically warned plaintiffs that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion in this matter will result in a recommendation that the motion be granted**. (Dkt. 32, Pg ID 615-616) (emphasis in original). Plaintiffs failed to file a response to the Order to Show Cause.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiffs' complaint against all defendants except AHLI be **DISMISSED** with prejudice under Rule 41(b) and that defendant's motion for judgment on the pleadings be **DENIED** as moot.

## II.   ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court

to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which

merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad

> faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiffs multiple times in writing that dismissal in defendants' favor would be granted if they failed to file a response to the motions and to the order to show cause. (Dkt. 27, 32). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiffs have "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiffs' repeated failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiffs' complaint against all defendants except AHLI be **DISMISSED** with prejudice under Rule 41(b) and that defendant's motion for judgment on the pleadings be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 23, 2012                          s/Michael Hluchaniuk
                                                Michael Hluchaniuk
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 23, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Douglas A. McKinney, Joseph H. Hickey, Laura Baucus, and David J. Council.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov